IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| SHADOW STONE, L.L.C., ) | |
| ) | |
| Debtor. ) | |
| ) | Case No. 15-10210 |
| ) | |

**NOTEHOLDER'S MOTION, PURSUANT TO SECTIONS 105 AND 1112(b)
OF THE UNITED STATES BANKRUPTCY CODE, FOR AN ORDER
<u>DISMISSING THE CASE FOR CAUSE</u>**

Noteholder 650 Frontier, LLC (the "Noteholder"), by and through Situs Group, LLC, acting solely in its capacity as special servicer, through the undersigned counsel, hereby submits this motion (the "Motion"), pursuant to sections 105 and 1112(b) of the Bankruptcy Code and Rule 1017(a) of the Federal Rules of Bankruptcy Procedure, for an order dismissing the Debtor's case for cause. In support of this Motion, the Noteholder represents and states as follows:

**<u>Jurisdiction</u>**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 1112(b) of the Bankruptcy Code, and Bankruptcy Rule 1017(a).

**<u>Background</u>**

2. On January 7, 2015 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor did not file a certified copy of a corporate resolution authorizing the filing, as required by Local Bankruptcy Rule 1007-2.

3. No official committee of unsecured creditors has been appointed in this case.

4. On November 3, 2003, pursuant to a note (the "Note") and deed of trust (the "Deed of Trust"), the Debtor borrowed $2,750,000.00 from Bank of the West. The collateral securing the Deed of Trust is located at 5540 Ketch Road, Prince Frederick, Maryland (the "Property").

5. On December 15, 2003, the Deed of Trust was recorded in the Land Records of Calvert County, Maryland (the "Land Records") in Deed Book 02070, Page 363.

6. On November 21, 2012, Bank of the West assigned the Note and all of its rights, title and interest in the Deed of Trust to 650 Frontier, LLC.

7. On December 17, 2012, the assignment of the Deed of Trust was recorded in the Land Records at Deed Book 4076, Page 0350.

8. Prior to May 2014, the Property was leased to Royston Acquisition. That lease expired in May 2014. The Debtor has not made any payments on the Note since April 2014.

9. On information and belief, the Property is unoccupied, and the Debtor has no revenue whatsoever.

10. On or around October 31, 2014, the Noteholder provided the Debtor with a payoff statement good for payoff through November 13, 2014, pursuant to which the outstanding balance on the Note was $2,249,564.70, which amount included unpaid interest, default interest, property protection advances, and administrative fees, but exclusive of attorneys' fees and costs, foreclosure fees and costs, and other allowable costs and charges.

11. On November 24, 2014, the Noteholder submitted its Order to Docket to the Circuit Court for Calvert County, 04-C-14-001499.

12. Pursuant to the power of sale in the Deed of Trust, the Substitute Trustees, Russell S. Drazin and Jason A. Pardo, noticed the public auction of the Property, which auction was to be held on January 8, 2015, at 10:30 a.m. on the steps of the Circuit Court of Calvert County.

13. On the eve of the foreclosure, the Debtor filed its bankruptcy petition in order to prevent the foreclosure sale from going forward. As of the Petition Date, the Debtor owed the Noteholder, $2,293,266.55, which includes $82,853.72 of contract interest (at 5%), $61,175.15 in default interest (at 5%), $200 in administrative expenses, $6,925.44 in late charges, and $3,951.79 in property protection payments, which includes legal fees ($3,833.02), UCC filing fees ($82.10), FedEx charges ($36.67).

14. Post-petition contract and default interest continues to grow in the amount of $593.93 per day, including $296.97 of contract interest and $296.97 of default interest. In addition, the Noteholder is incurring attorneys' fees.

15. The Debtor has not requested authority to use of the Noteholder's cash collateral, because, upon information and belief, it has no cash and no cash collateral. The Noteholder has inquired, but has not received a satisfactory answer, regarding whether the building is being maintained, such as heating, lights, etc., and if so, the source of funds for such maintenance.

16. The Noteholder is not receiving adequate protection payments, and with each passing day, interest and default interest accrues by nearly $600. Accordingly, as the Debtor's obligations under the Note mount, the value of the Noteholder's collateral correspondingly diminishes by nearly $18,000 per month.

17. On February 5, 2014, the Debtor filed its Schedule A of Real Property, which stated the current value of the Property as $3,593,000.00. The Noteholder does not have any information regarding the basis for this valuation, but questions whether such a valuation is

realistic for vacant industrial property in a rural, or exurb, area, with low demand for such space.

18. Upon information and belief, the Debtor retained a real estate broker to market and sell the Property. Despite requests, the Noteholder has received no information about these marketing efforts, and the Debtor has not sought court authority to retain the broker or to continue such sale efforts

19. The Debtor's managing member, Mr. James Poole, passed away suddenly after the petition date. The Noteholder has been respectful regarding this situation, but the Debtor is left without any management.

20. With no cash, no management, and no plan to pay off its mounting debt, the Noteholder's collateral is at risk. Without a prospect of a successful reorganization, this case should be dismissed.

## Relief Requested

21. By this Motion, the Noteholder respectfully requests that the Court enter an order, pursuant to sections 105(a) and 1112(b) of the Bankruptcy Code and Bankruptcy Rule 1017(a), dismissing this case.[1]

## Basis for Relief Requested

22. Section 105(a) of the Bankruptcy Code provides, in part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

---

[1] Alternatively, the Noteholder seeks dismissal of this case under section 305(a) of the Bankruptcy Code, which provides, in relevant part, that "[t]he court, after notice and a hearing, may dismiss a case under [chapter 11 of the Bankruptcy Code]…at any time if – (1) the interests of creditors and the debtor would be better served by such dismissal." 11 U.S.C. § 305(a)(1). As set forth more fully herein, the dismissal of the Debtor's case is in the best interests of the Debtor, its estate and creditors. Accordingly, the Noteholder respectfully submits that the dismissal of this case is also warranted under section 305(a) of the Bankruptcy Code.

23. Section 1112(b) of the Bankruptcy Code provides that after notice and a hearing, a court may dismiss a case for cause, unless it determines that the appointment of a trustee or examiner is in the best interest of the creditors. The Fourth Circuit has held that bad faith is a basis for cause to dismiss a bankruptcy case. See Premier Auto Servs., Inc. v. Flanagan (In re Premier Auto Servs., Inc.), 492 F.3d 274 (4th Cir. 2007); In re Carolin Corp. v. Miller, 886 F.2d 693 (4th Cir. 1989).

24. Although the term "bad faith" is not found in section 1112(b), under Premier Auto, cause is established by an objective showing of futility and a subjective showing of bad faith. According to Carolin, the objective test focuses on whether "there exists a reasonable possibility of reorganization." Carolin, 886 F.2d. at 698. "The subjective test asks whether a debtor is motivated by an honest intent to effectuate reorganization or is instead motivated by some improper purpose." Premier Auto, 492 F.3d at 280. Subjective bad faith is established when a petition is filed "to delay creditors by resort to the Chapter 11 device merely for the purpose of invoking the automatic stay." Carolin, 886 F.2d at 702.

25. The Noteholder submits that the failure to comply with the requirements of LBR 1007-2, within the deadlines established by the rules and the court, is, without more, a sufficient basis to dismiss this case. Indeed, whether the filing constitutes a valid exercise of corporate authority is a legitimate question. Further, without such authority, the jurisdiction of this Court to oversee the assets becomes murky at best.

26. Even assuming the Debtor had properly filed its bankruptcy case, ample facts exist in the record to establish cause. First, the objective test is satisfied. The debtor is without a managing member. It has no tenants and no cash, and as such, has no reasonable possibility for a reorganization.

27. Second, the subjective bad faith test is satisfied. The Debtor filed on the eve of foreclosure merely for the purpose of invoking the automatic stay. Without revenue to redeem the Property, the Debtor's choice was to lose the Property to foreclosure or to delay and hinder the Noteholder by improperly invoking the protections of the automatic stay. Further, evidence of the Debtor's lack of good faith exists in its failure to document proper corporate authority for the filing.

28. Taking the analysis one step further, the Court has ample basis to determine that dismissal is in the best interests of the estate and creditors. See In re Superior Sliding & Window. Inc., 14 F.3d 240, 243 (4th Cir. 1994); In re Mazzocone, 183 Bankr. 402, 411 (Bankr. E.D. Pa. 1995), aff'd, 200 Bankr. 568 (E.D. Pa. 1996); In re Warner, 83 Bankr. 807, 809 (Bankr. M.D. Fla. 1988). Circumstances demonstrate that it is in the best interests of the Debtor's estate and creditors to dismiss this chapter 11 case.

29. A dismissal of the Debtor's chapter 11 case meets the best interests of creditors test where a debtor has no prospect of reorganization. See In re BTS. Inc., 247 Bankr. 301, 310 (Bankr. N.D. Okla. 2000); In re Camden Ordinance Mfg. Co. of Arkansas, Inc., 245 Bankr. 794, 799 (E.D. Pa. 2000); In re Brogdon Inv. Co., 22 Bankr. 546, 549 (Bankr. N.D. Ga. 1982). The Property is vacant and diminishing in value, while the Debtor has no management, no direction and plan.

30. Based on the foregoing, the Noteholder submits that the filing of this case was in bad faith and satisfies both the objective and subjective standards, and further that dismissal would be in the best interests of creditors. The Debtor has no reasonable likelihood of rehabilitation and appears unable to even effectuate a chapter 11 plan of liquidation, because

there are no funds available for distribution to administrative and unsecured creditors, and the Property is wasting.

31. Because there are no prospects for rehabilitation, the Noteholder submits that conversion of this case to chapter 7 of the Bankruptcy Code would only create unnecessary administrative expenses, without enhancing the prospect for recoveries, and is therefore unwarranted.  Dismissal of this chapter 11 case, on the other hand, will eliminate the accrual of additional administrative expense obligations and bring closure to this case in a timely and efficient manner.  Accordingly, the Noteholder submits that sufficient cause exists to dismiss this chapter 11 case, and that doing so is in the best interest of the Debtor's estate and creditors.

WHEREFORE, the Noteholder respectfully requests that this Court enter an order, dismissing this chapter 11 case and granting such other and further relief to the Noteholder as this Court deems just and proper.

Dated: February 16, 2015

>*/s/ Mark D. Taylor*
>Mark D. Taylor, Esq. (MD Fed. Bar No. 013418)
>VLP Law Group
>1629 K Street, NW, Suite 300
>Washington, DC 20006
>Telephone: (202) 759-4890
>Email: mtaylor@vlplawgroup.com
>
>*Counsel for the Noteholder, by and through Situs Group, LLC, solely in its capacity as Special Servicer*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2015, a true and exact copy of the foregoing Notice of Noteholder's Motion, Pursuant to Sections 105 and 1112(b) of the United States Bankruptcy Code, for an Order dismissing the Case for Cause, of was filed electronically with the Clerk of the Court using the CM/ECF system, which in turn will send notification of such filing to all interested parties of record.

                                                                    */s/ Mark D. Taylor*
                                                                          Mark D. Taylor

Richard M. McGill
Law Offices of Richard M. McGill
PO Box 358
5303 West Court Dr.
Upper Marlboro, MD 20773
Email: mcgillrm@aol.com
(Counsel to Debtor Shadow Stone, L.L.C.)

Leander D. Barnhill
U.S. Department of Justice
Office of the U.S. Trustee
6305 Ivy Lane
Suite 600
Greenbelt, MD 20770
Email: leander.d.barnhill@usdoj.gov
(Counsel to the United States Trustee)

M. Evan Meyers
Meyers, Rodbell, and Rosenbaum, P.A.
6801 Kenilworth Avenue, Suite 400
Riverdale, MD 20737-1385
(Counsel to Calvert County, Maryland)